UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

GLENN ROYCE FAVRE,            )
                              )
    Claimant,                 )
                              )
vs.                           )   Case No.: 08-85264-mhm
                              )
JOHN MACKLIN and              )   AP File No. 09-9071
THE MACKLIN FAMILY TRUST,     )
                              )
    Defendants.               )
                              )

## SPECIAL APPEARANCE OF DEFENDANTS WITH
## SPECIAL PLEA TO JURISDICTION
## AND
## ANSWER AND RESPONSIVE PLEADING

COME NOW JOHN MACKLIN and THE MACKLIN FAMILY TRUST (collectively "Defendants") (collectively sometimes referred to as "Defendants" or the "Macklins") in the above styled action and by and through said Defendants' legal counsel, who make a Special and Limited Appearance for the purpose of filing this Plea to Jurisdiction, showing the Court as follows:

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over Defendants.

### SECOND DEFENSE

Defendants show that Plaintiff's underlying Complaint is barred from being filed as an Adversary Proceeding Action because the underlying bankruptcy action was closed via that certain order dated April 7, 2009 (a copy of which is attached hereto as Exhibit "A").

### THIRD DEFENSE

This Court lacks personal jurisdiction over Defendants.

## FOURTH DEFENSE

This Court is not the proper venue for an action against Defendants.

## FIFTH DEFENSE

The Plaintiff fails to state a cause of action against Defendants.

## SIXTH DEFENSE

Defendants were not properly served and have not waived service.

## SEVENTH DEFENSE

Defendants affirmatively plead the defense of Accord and Satisfaction.

## EIGHTH DEFENSE

Defendants affirmatively plead the defense of Estoppel.

## NINTH DEFENSE

Defendants affirmatively plead the defense of Failure of Consideration.

## TENTH DEFENSE

Defendants affirmatively plead the defense of Payment.

## ELEVENTH DEFENSE

Defendants affirmatively plead the defense of Release.

## TWELFTH DEFENSE

Defendants affirmatively plead the defense of Waiver.

## THIRTEENTH DEFENSE

By further answer, Defendants respond specifically to each paragraph of Plaintiff's Complaint as follows:

1.

Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

(Promissory Estoppels)

1.

Defendants admit that they had a contract with Plaintiff to conduct some renovations to certain property owned by Defendant The Macklin Family Trust, but deny any remaining inferences or allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, specifically that they did pay Plaintiff the monies he was owed under their contract. Defendants show that they paid Plaintiff in full pursuant to the terms of their contract.

6. (sic)

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint, but deny that they have any responsibility, liability, or indebtedness to Plaintiff.

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiff's Complaint, but deny that they have any responsibility, liability, or indebtedness to Plaintiff.

This 17th day of November, 2009.

LEFKOFF, DUNCAN, MILLER, GRIMES, &
& McSWAIN P.C.

__/s/_____
JOHN R. GRIMES
Georgia Bar No. 312200
Attorney for Defendants

Eleven Piedmont Center, Suite 806
3495 Piedmont Road
Atlanta, Georgia  30305
(404) 262-2000

-- 4 --

# UNITED STATES BANKRUPTCY COURT

## Northern District of Georgia

In Re: Debtor(s)
**Glenn Royce Favre**
110 South Columbia Drive
#11
Decatur, GA 30030

Case No.: 08-85264-mhm
Chapter: 7
Judge: **Margaret Murphy**

xxx-xx-8670

## DISCHARGE OF DEBTOR(S) WITH ORDER APPROVING TRUSTEE'S REPORT OF NO DISTRIBUTION, CLOSING ESTATE AND DISCHARGING TRUSTEE

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Bankruptcy Code, (the Bankruptcy Code).

It further appears that the trustee in the above-entitled case has filed a report of no distribution and said Trustee has performed all other and further duties required in the administration of said estate; accordingly, it is hereby

**ORDERED** that the said estate is closed; that the Trustee is discharged from and relieved of said trust.

_____
Margaret Murphy
United States Bankruptcy Judge

Dated: April 7, 2009

Form 182

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION REGARDING THE BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE


EXHIBIT A

FORM 182 continued

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in this matter with a copy of the above and foregoing Answer of Defendants John Macklin and John H. Macklin Family Trust by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Glenn R. Favre, Claimant
110 South Columbia Drive #11
Decatur, Georgia 30030


This 17th day of November, 2009.


LEFKOFF, DUNCAN, MILLER, GRIMES, &
& McSWAIN P.C.


___/s/_____
JOHN R. GRIMES
Georgia Bar No. 312200
Attorney for Defendants

Eleven Piedmont Center, Suite 806
3495 Piedmont Road
Atlanta, Georgia 30305
(404) 262-2000

-- 5 --