UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN ROYCE FAVRE, | ) | BK Case No. 08-85264-mhm |
| | ) | |
| Debtor | ) | Discharged; Case Closed |
| | ) | |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE, | ) | Honorable Margaret Murphy |
| | ) | |
| Claimant, | ) | |
| | ) | AP Case No. 09-9071 |
| vs. | ) | |
| | ) | |
| JOHN MACKLIN and | ) | |
| THE MACKLIN FAMILY TRUST, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' JOHN MACKLIN AND THE MACKLIN FAMILY TRUST BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS ADVERSARY PROCEEDING

COME NOW, John Macklin and The Macklin Family Trust (collectively the "Defendants"), by and through their undersigned counsel, by special limited appearance and preserving all defenses, and in support to this their Motion, respectfully show the Court as follows:

### Introduction

Defendants submit that the Court should dismiss the above styled adversary proceeding action (the "AP Action") on the grounds, *inter alia*, that:

i.     This Court does not have jurisdiction in Glenn Favre v. John Macklin and The Macklin Family Trust in Civil Action No. 09-9071 (the "AP Action") because the Claimant's underlying bankruptcy action case In Re: Glenn Favre in Civil Action

No. 08-85264-mhm (the "Bankruptcy Action") was closed on April 7, 2009, while the AP Action was not filed under October 16, 2009;

ii.  Claimant failed to serve either John Macklin or The Macklin Family Trust with the AP Action;

iii.  Claimant now has pending in the state courts of Fulton County identical actions for the recovery of the claims asserted in the AP Action;

iv.  The Bankruptcy Trustee in Claimant's Bankruptcy Action abandoned the claim asserted by Claimant in the AP Action; and

v.  Claimant's claim (if any) belongs to Claimant's corporation (to wit: "Top to Bottom Renovations, LLC") and not Claimant individually.

## Statement of Facts and Procedural History

1.

On October 23, 2008, Top to Bottom Renovations, LLC filed a civil court action against John Macklin and The Macklin Family Trust in the State Court of Fulton County, in Civil Action File No. 08VS149195J, in re: Top to Bottom Renovations, LLC v. John Macklin and The Macklin Family Trust (the "State Court Action") which alleged that Top to Bottom Renovations, LLC had entered into a contract to perform renovations on the Defendants' property, but that the Defendants "failed and refused to pay" the company. *See* **Exhibit "B" to Defendants' Motion to Dismiss, filed of even date herewith.**

2.

Prior thereto, on August 18, 2008, The Macklin Family Trust was served with Summons and Complaint in an earlier action filed by Claimant in the Magistrate Court of Fulton County in Civil Action File No. 08MS084709, in re: Glenn Favre v. The Macklin Family Trust (the "Magistrate Court Action") which alleged that The Macklin Family Trust had refused to "pay the final invoice for work performed" on property owned by the Trust. *See* **Exhibit "C" to Defendants' Motion to Dismiss, filed of even date herewith.** (Although the Magistrate Court Action was dismissed without prejudice on September 25, 2008, the Claimant filed a Motion to Vacate and Set Aside the Dismissal, which Motion is still pending.)

-- 2 --

3.

On December 9, 2008, Claimant filed a Chapter 7 Bankruptcy Petition in the Atlanta Divisions Northern District of Georgia in Case No. 08-85264-mhm (the "Bankruptcy Action"), listing the Magistrate Court Action as a lawsuit to which Claimant is or was a party. *See* **paragraph 4 of "Plaintiff's Statement of Financial Affairs", attached to Claimant's "Voluntary Petition (Chapter 7)", filed December 9, 2008.**

4.

On March 23, 2009, the Trustee in the Bankruptcy Action filed his "Report of No Distribution" (the "Report"), providing for the abandonment of certain assets held by Claimant, including (amongst other assets) the Magistrate Court Action. *See* **pleadings in the Bankruptcy Action.**

5.

Claimant was discharged and the Bankruptcy Action was *closed* pursuant to the Bankruptcy Order dated April 7, 2009. *See* **Exhibit "A" to Defendants' Motion to Dismiss, filed of even date herewith, and document number 30 of the Bankruptcy Action.**

6.

Notwithstanding, on October 16, 2009, Claimant filed the above styled AP Action against John Macklin and The Macklin Family Trust.[1]

## Argument and Citation of Authority

Claimant Glenn Favre lacks standing to raise the claims asserted in this AP Action given this Court's *prior* Order *closing* the bankruptcy estate, and discharging Claimant.

---

[1]  This AP Action is one of nine (9) adversary proceedings Claimant filed individually after the Bankruptcy Action was *closed*.

## I.    ADVERSARY COMPLAINT SHOULD BE DISMISSED DUE TO LACK OF JURISDICTION

### A.    AP Action was Filed after Bankruptcy Action was Closed

A bankruptcy court does not have jurisdiction over an adversary proceeding filed *after* the underlying bankruptcy case is closed. "It appears obvious that the adversary proceeding could not be brought in the bankruptcy court if there were no bankruptcy case in which it might be instituted." The Home Insurance Co. v. Thomas Duckett Construction Co., Inc., 49 B.R. 158 (Bankr. N.D. Al. 1985). On the other hand, a bankruptcy court *may have* jurisdiction over an adversary proceeding that is *pending* at the time the underlying bankruptcy is dismissed. *See* Morris v. Fidelity & Deposit Company of Maryland, 950 F.2d 1531 (11th Cir. 1992).

On April 7, 2009, an Order was entered discharging Claimant and *closing* his underlying Bankruptcy Action. *See* **Exhibit "D" to Defendants' Motion to Dismiss, filed of even date herewith.** Because the above styled adversary proceeding was not pending at the time the Bankruptcy Action was *closed* it was improper for Claimant to file the AP Action and this Court does not have jurisdiction over the matter now.

### B.    Service failed to comply with FED. R. CIV. P. 12(b)(2) AND 12(b)(5), and FED. R. BANKR. P. 7012(b)(2) AND 7012(b)(5).

Federal Rule of Civil Procedure Rule 4 and Federal Rule of Bankruptcy Procedure 4 establish the requirements for service of a summons and a copy of the complaint upon a defendant. FED. R. CIV. P. 4(e) and FED. R. BANKR. P. 4(e). The serving party (Claimant Favre) bears the burden of proof with regard to his validity or good cause for failure to effect timely service. Aetna Business Credit v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981)[2]; Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 296 (N.D. Ga. 2008); *see also* Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Service was attempted by purportedly mailing a copy of the Complaint to John R. Grimes, Esq., an attorney who represented Defendants in the State Court Action and the Magistrate Court Action. *See* Summons attached as Exhibit "E" to Defendants' Motion to Dismiss. Claimant failed to mail a copy of the Complaint to either John Macklin or The Macklin Family Trust.

---

[2]    The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Therefore, Claimant has failed to meet the burden incumbent upon him to properly serve the Defendants in the instant adversary action within ten (10) days from the date of the Summons. *See* Rule 7704(e) Case Comment "Rule 7004(e) – Time Limitation for Summons.

Where, as here, the Claimant has failed to properly serve the defendant(s),[3] this Court lacks personal jurisdiction over either Defendant and the AP Action should be dismissed. FED. R. CIV. P. 12(b)(2) and 12(b)(5), and FED. R. BANKR. P. 7012(b)(2) and 7012(b)(5).[4]

C.    Bankruptcy Trustee Abandoned Magistrate Court Claim

Pursuant to 11 U.S.C. §554(a), a trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Furthermore, 11 U.S.C. §554(c), provides that "any property… not otherwise administered at the time of the closing of a case is abandoned to the debtor."

On March 23, 2009, the Trustee affirmatively abandoned the Magistrate Court Action to Claimant, finding that the Action was of inconsequential value and benefit to the Claimant's bankruptcy estate.    The Bankruptcy Court thereafter entered an Order closing the underlying Bankruptcy Action and the claim (if any) has been abandoned to the Claimant for him to prosecute at the state court level. This Court has not retained jurisdiction over the AP Claim.

## III.    ADVERSARY COMPLAINT SHOULD BE DISMISSED BECAUSE SIMILAR ACTIONS PENDING IN STATE COURTS OF FULTON COUNTY

The above styled adversary proceeding is based upon an alleged breach of contract and quantum meruit claim, both of which are claims based upon state law.

The Magistrate Court Action is currently scheduled for a hearing on December 10, 2009. Furthermore, the State Court Action is no longer stayed because the Claimant's Bankruptcy Action has been closed.

Furthermore, the proper venue for the prosecution of the AP Action is in the state courts. Claimant should use this venue.

---

[3] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

[4] Defendants made a Special and Limited Appearance through their "Special Appearance of Defendants with Special Plea to Jurisdiction and Answer and Responsive Pleading", but asserted therein that they had not been properly served.

## IV.    ADVERSARY COMPLAINT SHOULD BE DISMISSED BECAUSE CLAIM BELONGS TO TOP TO BOTTOM RENOVATIONS, LLC

The contract that the above styled adversary proceeding is based upon was between Top to Bottom Renovations, LLC and the Defendants. All of the work performed on the Defendants' property was performed by Top to Bottom Renovations, LLC. All invoices submitted to Defendants were submitted by Top to Bottom Renovations, LLC. *See* attachments to Claimant's Amended Complaint. Therefore, this alleged claim belongs to Claimant's company, Top to Bottom Renovations, LLC, not to Claimant individually.


### Conclusion

For all the foregoing reasons, John Macklin and The Macklin Family Trust respectfully request that this Court grant their Motion to Dismiss and enter an Order dismissing all of Claimant Glenn Favre's claims against them with prejudice, casting all costs against Claimant.


This _____25_____ day of November, 2009.

LEFKOFF, DUNCAN, GRIMES,
MILLER, & McSWAIN P.C.



JOHN R. GRIMES
Georgia Bar No. 312200
Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia  30305
(404) 262-2000

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in this matter with a copy of the above and foregoing Defendants' Motion to Dismiss and Brief in Support thereof by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Glenn R. Favre, Claimant
110 South Columbia Drive #11
Decatur, Georgia  30030

This _____25_____ day of November, 2009.

LEFKOFF, DUNCAN, GRIMES,
MILLER, & McSWAIN P.C.

JOHN R. GRIMES
Georgia Bar No. 312200
Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia  30305
(404) 262-2000