UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN ROYCE FAVRE, | ) | BK Case No. 08-85264-mhm |
| | ) | |
| Debtor | ) | Discharged; Case Closed |
| | ) | |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE, | ) | Honorable Margaret Murphy |
| | ) | |
| Claimant, | ) | |
| | ) | AP Case No. 09-9071 |
| vs. | ) | |
| | ) | |
| JOHN MACKLIN and | ) | |
| THE MACKLIN FAMILY TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO
## PLAINTIFF'S GLENN R. FAVRE REQUEST FOR DEFAULT JUDGMENT

COME NOW, Defendants John Macklin and The Macklin Family Trust (collectively the "Defendants"), by and through their undersigned counsel, by special limited appearance and preserving all defenses, respectfully move this court for an order denying Plaintiff's Motion for Default Judgment (entitled "Motion for Summary Judgment") filed on November 19, 2009, on the grounds that: (1) Defendants were never served with Summons in the underlying adversary proceeding action, (2) Plaintiff Glenn Favre (sometimes referred to as "Claimant") failed to file an affidavit of service, and (3) the underlying adversary proceeding action was filed after Plaintiff's bankruptcy action was closed leaving the Court without jurisdiction in this adversary proceding. In support to this their Motion, Defendants respectfully show the Court as follows:

**Factual Summary**

1.

On December 9, 2008, Claimant voluntarily filed Chapter 7 in Civil Action File No. 08-85264-mhm (the "Bankruptcy Court Action"), listing in re: <u>Glenn Favre v. The Macklin Family Trust</u>, Fulton County Magistrate Court, Civil Action File No. 08-MS-084709 (the "Magistrate Court Action") as a lawsuit to which Claimant is or was a party. *See* **paragraph 4 of "Plaintiff's Statement of Financial Affairs", attached to Plaintiff's "Voluntary Petition (Chapter 7)", filed December 9, 2008.**

2.

On March 23, 2009, the Trustee in the Bankruptcy Court Action filed his "Report of No Distribution", abandoning (amongst other claims) the Magistrate Court Action.

3.

Claimant was discharged and the Bankruptcy Court Action was closed pursuant to that certain Order dated April 7, 2009. *See* **document number 30 of the Bankruptcy Petition in the Atlanta Divisions Northern District of Georgia in Case No. 08-85264-mhm (the "Bankruptcy Action").**

4.

Notwithstanding, on October 16, 2009, Claimant filed the above styled adversary proceeding action (the "AP Action") against John Macklin and The Macklin Family Trust.

5.

Service of the above styled AP Action was attempted by mailing a copy of the Complaint and Summons to John R. Grimes, Esq., an attorney who represented Defendants in pre-bankruptcy actions pending in the state courts of Fulton County asserting the same claims as those in the AP Action. *See* **Original Summons attached as Exhibit "E" to Defendants' Motion to Dismiss filed simultaneously herewith (copy of which is attached as Exhibit "A" hereto).**

**Argument and Citation of Authority**

I. **DEFAULT JUDGMENT SHOULD BE DENIED AS NO ANSWER WAS EVEN DUE GIVEN LACK OF SERVICE UPON DEFENDANTS**

Federal Rule of Civil Procedure Rule 4 and Federal Rule of Bankruptcy Procedure 4 establish the requirements for service of a summons and a copy of the complaint upon a defendant. FED. R. CIV. P. 4(e) and FED. R. BANKR. P. 4(e). The serving party (Claimant Favre) bears the burden of proof with regard to his validity or good cause for failure to effect timely service. Aetna Business Credit v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981)[1]; Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 296 (N.D. Ga. 2008); *see also* Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Service was attempted by mailing a copy of the Complaint to John R. Grimes, Esq., an attorney who represented Defendants in the Magistrate Court Action. *See* **Exhibit "A" attached hereto.** Claimant failed to mail a copy of the Complaint to either John Macklin or The Macklin Family Trust. Therefore, Claimant has failed to meet the burden incumbent upon him to properly serve the Defendants in the instant adversary action within the required ten (10) days from the date of the Summons. *See* Rule 7704(e) Case Comment "Rule 7004(e) – Time Limitation for Summons. Claimant must have a new summons issued and properly serve Defendants.

A default judgment cannot be entered against a defendant who has not been served. There is simply no duty to file an answer unless or until service is perfected.

However, though not required to do so, Defendants did voluntarily make an appearance in this adversary proceeding *via* the filing of their "Special Appearance of Defendants with Special Plea to Jurisdiction and Answer and Responsive Pleading" (the "Defendants' Pleading") which was electronically filed on November 17, 2009, but since the Defendants were not under any deadline by which to file any pleadings, the Defendants' Pleading was not late or untimely nor did its filing on November 17, 2009 create a default because the Defendants' had no duty to file any pleadings at all much less a pleading or answer by any certain time deadline.

---

[1] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

-- 3 --

## II. IN THE ALTERNATIVE, MOTION FOR DEFAULT SHOULD BE DENIED BECAUSE CLAIMANT FAILED TO FILE AN AFFIDAVIT ASSERTING SUFFICIENT SERVICE

FED. R. BANKR. P. 7055 states that FED. R. CIV. P. 55 applies in adversary proceedings. FED. R. CIV. P. 55 states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Claimant failed to file an affidavit showing that he perfected service on the Defendants (because he cannot do so having failed to properly serve the Defendants). Without this affidavit, the Court cannot enter a default. *See* FED. R. BANKR. P. 7055. Therefore, Claimant's motion for default should be denied.

## III. THE AP ACTION WAS FILED AFTER UNDERLYING BANKRUPTCY CASE WAS CLOSED (THE TRUSTEE HAVING ABANDONED ALL CLAIMS) AND THE COURT, NOT HAVING RETAINED JURISDICTION AND THE AP ACTION NOT PENDING AT THE TIME OF THE CLOSING, LACKS JURISDICTION TO ENTER A DEFAULT JUDGMENT

On April 7, 2009, an Order was entered discharging Claimant and ***closing*** his underlying Bankruptcy Action. *See* **document number 30 of the Bankruptcy Action.** Because the AP Action was not pending at the time the Bankruptcy Action was ***closed*** it was improper for Claimant to file the AP Action and this Court does not have jurisdiction over the matter now. Furthermore, this Court did not retain jurisdiction over future adversary proceedings, nor has Claimant moved to re-open the Bankruptcy Action.

Pursuant to 11 U.S.C. §554(a), a trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Furthermore, 11 U.S.C. §554(c), provides that "any property... not otherwise administered at the time of the closing of a case is abandoned to the debtor."

On March 23, 2009, the Trustee affirmatively abandoned the Magistrate Court Action to Claimant, finding that the Action was of inconsequential value and benefit to the Claimant's bankruptcy estate. The Bankruptcy Court thereafter entered an Order closing the underlying

-- 4 --

Bankruptcy Action and the claim (if any) has been abandoned to the Claimant for him to prosecute at the state court level.

A bankruptcy court does not have jurisdiction over an adversary proceeding filed *after* the underlying bankruptcy case is closed. "It appears obvious that the adversary proceeding could not be brought in the bankruptcy court if there were no bankruptcy case in which it might be instituted." The Home Insurance Co. v. Thomas Duckett Construction Co., Inc., 49 B.R. 158 (Bankr. N.D. Al. 1985). On the other hand, a bankruptcy court *may have* jurisdiction over an adversary proceeding that is *pending* at the time the underlying bankruptcy is dismissed. *See* Morris v. Fidelity & Deposit Company of Maryland, 950 F.2d 1531 (11th Cir. 1992).

Accordingly, the Court lacks jurisdiction to entertain and/or to enter a default judgment or any type of judgment in this adversary proceeding other than an order dismissing same.

## IV.   CONCLUSION

For all the foregoing reasons, John Macklin and The Macklin Family Trust respectfully request that this Court deny Claimant's motion for default.

This __25__ day of November, 2009.

                                LEFKOFF, DUNCAN, GRIMES,
                                MILLER, & McSWAIN P.C.

                                JOHN R. GRIMES
                                Georgia Bar No. 312200
                                Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia  30305
(404) 262-2000

404-373-1137

B 250A (Rev. 4/01)

# UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

In re Glenn Favre

Debtor

Bankruptcy Case No. 09-CA-85264-mhm

Glenn Favre

Plaintiff

John Macklin Family Trust

Defendant

Adversary Proceeding No. 09-9071

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of Clerk: 75 Spring St. SW, Atlanta GA 30303

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: 110 S. Columbia Dr #11, Decatur GA 30030

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
Clerk of the Bankruptcy Court

OCT 15 2009
Date

By: _____
Deputy Clerk

EXHIBIT A

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT GEORGIA

| | |
|---|---|
| GLENN ROYCE FAVRE, | Adversary Proceeding No:_____ |
| Claimant, | Case No,:08-85264 - mhm |
| -versus- | Judge Honorable Margaret Murphy |
| JOHN MACKLIN AND THE MACKLIN FAMILY TRUST Defendant, | |

**09-9071**

## COMPLAINT

Glenn R Favre ("Plaintiff") herby files this Complaint for Breach of Contract, quantum merit and unjust enrichment, against John Macklin and The Macklin Family Trust ("Defendant") alleging as follows:

## PARTIES

1

Plaintiff is and individual under the protection of this Honorable Court and the rulings of the Honorable Judge Margaret Murphy, which resides in this Jurisdiction.

2

Defendant, John Macklin and the Macklin Family Trust is an entity residing in the State of Georgia in Fulton County, 57 Crumbley Ave, Atlanta Georgia 30302.

## JURISDICTION

3

Jurisdiction and venue are proper in this court under the facts and circumstances set forth herein which include defendant's residence with in the Northern District of Georgia.

OCT 16 2009 PM03:24

FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA

REGINA THOMAS, CLERK

4

## Promissory Estoppels

Plaintiff claims an enforceable promise existed between the parties because plaintiff justifiably relied on a promise made by the defendant. The plaintiff has the burden of proving:

[1] John Macklin promised Glenn Favre that He would pay Glenn Favre for the repairs to Defendants home.

[2] Glenn Favre states that Defendant has not paid for the repairs to Defendant's home promised to Plaintiff.

[3] John Macklin expected or reasonably should have expected that the promise would cause Glenn Favre to become financially burdened when Plaintiff was not reimbursed for and in turn financing the repairs of Defendants home, where as causing the Plaintiff to file protection under 11 USC Chapter 7.

[4] Glenn Favre was damaged because He relied on John Macklin's promise. To date John Macklin refuses to pay the monies of the final invoice which represents the Plaintiff's expenses, labor and materials used in the repairs of Defendants home.

[6] As a result, the Plaintiff has had to retain counsel, file for protection under 11 USC Chapter 7, and this HONORABLE COURTS PROTECTION OF THE AUTOMATIC STAY 362 (b), forced to close his business, been foreclosed upon his primary residence, lost his personnel transportation, investments and all savings in an attempt to have the Defendant pay for what he promised.

[7] The Plaintiff's health has deteriorated because of the undue stress and the onset of Post Financial Traumatic Stress Disorder (PSFTD) and is unable to sustain gainful employment because of PSFTD.

5

**WHEREFORE,** Claimant requests and prays that this Honorable Court and that of the Honorable Margaret Murphy:

(a) grant Plaintiff a judgment against the Defendant for the amount fully allowed that this court deems just and necessary.

(b) grant Plaintiff a reversal of the voluntary petition of Claimants Chapter 7 filed December 9, 2008.

(c) grant all other relief deems just and necessary

(d) request that Defendant's litigious actions be forwarded to the Proper State and Federal authorities for Criminal Prosecution as the Honorable Judge Margaret Murphy deems proper.

Respectfully submitted this 16th day of October, 2009

Glenn R Favre Claimant

110 South Columbia Drive #11
Decatur, Georgia 30030
4043731137

GLENN R FAVRE
110 SOUTH COLUMBIA DRIVE #11
DECATUR GEORGIA 30030

LEFKOFF, DUNCAN, GRIMES, MILLER AND MCSWAIN P.C. ATTORNEY AT LAW
JOHN R GRIMES
3495 PIEDMONT ROAD N.E.
ATLANTA, GEORGIA 30305    099071




7009 1680 0000 1843 2265

CERTIFIED MAIL

U.S. POSTAGE PAID
DECATUR, GA 30030
OCT 20 '09
AMOUNT $2.82
00053385-04

$0.420
US POSTAGE
FIRST-CLASS
062S0006737037
30030

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel in this matter with a copy of the above and foregoing DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S GLENN R. FAVRE REQUEST FOR DEFAULT JUDGMENT by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Glenn R. Favre, Claimant
110 South Columbia Drive #11
Decatur, Georgia  30030


This ___25___ day of November, 2009.

                                  LEFKOFF, DUNCAN, GRIMES,
                                  MILLER, & McSWAIN P.C.

                                  JOHN R. GRIMES
                                  Georgia Bar No. 312200
                                  Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia  30305
(404) 262-2000