UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN ROYCE FAVRE, | ) | BK Case No. 08-85264-mhm |
| | ) | |
| Debtor | ) | Discharged; Case Closed |
| | ) | |

| | | |
|---|---|---|
| GLENN ROYCE FAVRE, | ) | Honorable Margaret Murphy |
| | ) | |
| Claimant, | ) | |
| | ) | AP Case No. 09-9071 |
| vs. | ) | |
| | ) | |
| JOHN MACKLIN and | ) | |
| THE MACKLIN FAMILY TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' COLLECTIVE RESPONSE IN OPPOSITION TO PLAINTIFF'S GLENN R. FAVRE MOTION FOR SUMMARY JUDGMENT

COME NOW, Defendants John Macklin and The Macklin Family Trust (collectively the "Defendants"), by and through their undersigned counsel, by special limited appearance and preserving all defenses, shows the Court that they previously responded to Plaintiff's so-called "Motion for Summary Judgment", which Plaintiff filed on November 19, 2009, as if said Motion was a motion for default by Plaintiff. To the extent that the Court treats Plaintiff's "Motion for Summary Judgment" as in fact such a motion, Defendants respond to said motion and show the Court that same should be denied on the grounds that: (1) this Court does not have jurisdiction to hear Plaintiff Glenn Favre's (sometimes referred to as "Claimant') motion for summary judgment Defendants were never served with Summons in the underlying adversary proceeding action, (2) Claimant's motion for summary judgment is based on claims that belong to Claimant's company (Top to Bottom Renovations, LLC), and (3) Claimant's motion for summary judgment alleges

claims that are more expansive than those asserted in the above styled adversary proceeding action Complaint. In support to this their Motion, Defendants respectfully show the Court as follows:

### Statement of Material Facts in Dispute

1.

On December 9, 2008, Claimant voluntarily filed Chapter 7 in Civil Action File No. 08-85264-mhm (the "Bankruptcy Court Action"), listing in re: <u>Glenn Favre v. The Macklin Family Trust</u>, Fulton County Magistrate Court, Civil Action File No. 08-MS-084709 (the "Magistrate Court Action") as a lawsuit to which Claimant is or was a party. *See* **paragraph 4 of "Plaintiff's Statement of Financial Affairs", attached to Plaintiff's "Voluntary Petition (Chapter 7)", filed December 9, 2008.**

2.

On March 23, 2009, the Trustee in the Bankruptcy Court Action filed his "Report of No Distribution", abandoning (amongst other claims) the Magistrate Court Action.

3.

Claimant was discharged and the Bankruptcy Court Action was closed pursuant to that certain Order dated April 7, 2009. *See* **document number 30 of the Bankruptcy Petition in the Bankruptcy Court Action.**

4.

Notwithstanding, on October 16, 2009, Claimant filed the above styled adversary proceeding action (the "AP Action") against John Macklin and The Macklin Family Trust, asserting that he has not been paid "for the repairs to Defendant's home" and that his health has deteriorated "because of the undue stress and the onset of Post Financial Traumatic Stress Disorder". *See* **"Promissory Estoppel" section in Plaintiff's Adversary "Complaint", filed October 16, 2009.**

5.

Service of the above styled AP Action was attempted by mailing a copy of the Complaint and Summons to John R. Grimes, Esq., an attorney who represented Defendants in pre-

-- 2 --

bankruptcy actions pending in the state courts of Fulton County asserting the same claims as those in the AP Action. *See* **Original Summons attached as Exhibit "E" to Defendants' Motion to Dismiss filed November 25, 2009 (copy of which is attached as Exhibit "A" hereto).**

6.

Claimant's Motion for Summary Judgment asserts new claims against the Defendants, to wit: that Defendants knowingly presented and made false and fraudulent claims in violation of the Fraud Enforcement Recovery Act ("FERA") and the Civila False Claims Act. *See* **"Plaintiff's Glenn R. Favre Request for Summary Judgment against the Defendant John Macklin and The Macklin Family Trust..." filed November 20, 2009.**

### Argument and Citation of Authority as Relates to Plaintiff's Motion for Summary Judgment

### I. STANDARD OF REVIEW

Under FED. R. CIV. P. 56(c), made applicable to adversary proceedings and contested matters in bankruptcy cases by FED. R. BANKR. P. 7056 and 9014, summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). However, "[i]n making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir.2000) *(en banc) (citation omitted)*. Like the district court, a bankruptcy court may only grant summary judgment where there is no genuine issue of material fact. *See* FED. R. CIV. P. 56(c).

### II. SUMMARY JUDGMENT SHOULD BE DENIED DUE TO LACK OF JURISDICTION

A. AP Action was Filed after Bankruptcy Action was Closed

A bankruptcy court does not have jurisdiction over an adversary proceeding filed *after* the underlying bankruptcy case is closed. "It appears obvious that the adversary proceeding could not be brought in the bankruptcy court if there were no bankruptcy case in which it might be

-- 3 --

instituted." The Home Insurance Co. v. Thomas Duckett Construction Co., Inc., 49 B.R. 158 (Bankr. N.D. Al. 1985). On the other hand, a bankruptcy court *may have* jurisdiction over an adversary proceeding that is ***pending*** at the time the underlying bankruptcy is dismissed. *See* Morris v. Fidelity & Deposit Company of Maryland, 950 F.2d 1531 (11th Cir. 1992).

On April 7, 2009, an Order was entered discharging Claimant and ***closing*** his underlying Bankruptcy Action. *See* **document number 30 of the Bankruptcy Action.** Because the AP Action was not pending at the time the Bankruptcy Action was ***closed*** it was improper for Claimant to file the AP Action and this Court does not now have jurisdiction over the matter. Furthermore, this Court did not retain jurisdiction over future adversary proceedings, nor has Claimant moved to re-open the Bankruptcy Action.

    B.    Service failed to comply with FED. R. CIV. P. 12(b)(2) AND 12(b)(5), and FED. R. BANKR. P. 7012(b)(2) AND 7012(b)(5).

Federal Rule of Civil Procedure Rule 4 and Federal Rule of Bankruptcy Procedure 4 establish the requirements for service of a summons and a copy of the complaint upon a defendant. FED. R. CIV. P. 4(e) and FED. R. BANKR. P. 4(e). The serving party (Claimant Favre) bears the burden of proof with regard to his validity or good cause for failure to effect timely service. Aetna Business Credit v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981)[1]; Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 296 (N.D. Ga. 2008); *see also* Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Service was attempted by mailing a copy of the Complaint to John R. Grimes, Esq., an attorney who represented Defendants in the Magistrate Court Action. *See* **Exhibit "A" attached hereto.** Claimant failed to mail a copy of the Complaint to either John Macklin or The Macklin Family Trust. Therefore, Claimant has failed to meet the burden incumbent upon him to properly serve the Defendants in the instant adversary action within the required ten (10) days from the date of the Summons. *See* Rule 7704(e) Case Comment "Rule 7004(e) – Time Limitation for Summons. Claimant must have a new summons issued and properly serve Defendants.

---

[1] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Where, as here, the Claimant has failed to properly serve the defendant(s),[2] this Court lacks personal jurisdiction over either Defendant and the AP Action should be dismissed unless properly served. FED. R. CIV. P. 12(b)(2) and 12(b)(5), and FED. R. BANKR. P. 7012(b)(2) and 7012(b)(5).[3]

    C.    Bankruptcy Trustee Abandoned Magistrate Court Claim

Pursuant to 11 U.S.C. §554(a), a trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Furthermore, 11 U.S.C. §554(c), provides that "any property… not otherwise administered at the time of the closing of a case is abandoned to the debtor."

On March 23, 2009, the Trustee affirmatively abandoned the Magistrate Court Action to Claimant, finding that the Action was of inconsequential value and benefit to the Claimant's bankruptcy estate. The Bankruptcy Court thereafter entered an Order closing the underlying Bankruptcy Action and the claim (if any) has been abandoned to the Claimant for him to prosecute at the state court level.

## III. SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE CLAIM BELONGS TO TOP TO BOTTOM RENOVATIONS, LLC

The contract that the above styled adversary proceeding is based upon was between Top to Bottom Renovations, LLC (Claimant's company) and the Defendants. All of the work performed on the Defendants' property was performed by Top to Bottom Renovations, LLC per the invoices submitted to Defendants. ***See* attachments to Claimant's Amended AP Complaint.** Therefore, the claim belongs to Top to Bottom Renovations, LLC (Claimant's company), not to Claimant individually. Therefore, Claimant's motion for summary judgment should be denied.

---

[2] "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

[3] Defendants made a Special and Limited Appearance through their "Special Appearance of Defendants with Special Plea to Jurisdiction and Answer and Responsive Pleading", but asserted therein that they had not been properly served.

-- 5 --

### IV. SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE IT ALLEGES CLAIMS ARE TOTALLY DIFFERENT AND UNRELATED TO THOSE ASSERTED IN THE ADVERSARY COMPLAINT

Claimant's Adversary Complaint filed in the AP Action alleges that the Defendants have failed to pay Claimant for repairs that he made on the Defendants' property and that as a result of the unpaid repairs Claimant was "forced to close his business, been foreclosed upon his primary residence, lost his personal transportation, investments and all savings". Claimant further alleges that his "health has deteriorated because of the undue stress and the onset of Post Financial Traumatic Disorder (PSFTD) and is unable to sustain gainful employment because of PSFTD."

Notwithstanding, in his motion for summary judgment, Claimant then sets forth a series of new incomprehensible allegations and assertions against the Defendants, including willful violation of the discharge order under Section 727, 11 USC §524; for violating the contract disputes act; and for violating the federal false claims act.

Claimant has never pled for recovery of these new allegations and assertions, except to assert them in a motion for summary judgment. Therefore, his motion for summary judgment on these matters should be denied as well.

### V. CONCLUSION

For all the foregoing reasons, John Macklin and The Macklin Family Trust respectfully request that this Court deny Claimant's motion for summary judgment.

This 8th day of December, 2009.

                                         LEFKOFF, DUNCAN, GRIMES,
                                         MILLER, & McSWAIN P.C.

                                         /s/
                                         JOHN R. GRIMES
                                         Georgia Bar No. 312200
                                         Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia 30305
(404) 262-2000

404-373-1137

B 250A (Rev. 4/01)

# UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

In re: Glenn Favre

Debtor

Bankruptcy Case No. 09-CA-85264-mhm

Glenn Favre

Plaintiff

John Macklin Family Trust

Defendant

Adversary Proceeding No. 09-9071

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of Clerk: 75 Spring St. SW, Atlanta GA 30303

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney: 110 S. Columbia Dr #11, Decatur GA 30030

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
Clerk of the Bankruptcy Court

OCT 15 2009
Date

By: _____
Deputy Clerk

EXHIBIT A

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT GEORGIA

| | |
|---|---|
| GLENN ROYCE FAVRE,<br><br>Claimant,<br><br>-versus-<br><br>JOHN MACKLIN AND THE MACKLIN FAMILY TRUST<br>Defendant, | Adversary Proceeding No:_____<br><br>Case No,:08-85264 - mhm<br><br>Judge Honorable Margaret Murphy |

**09-9071**

## COMPLAINT

Glenn R Favre ("Plaintiff") herby files this Complaint for Breach of Contract, quantum merit and unjust enrichment, against John Macklin and The Macklin Family Trust ("Defendant") alleging as follows:

## PARTIES

1

Plaintiff is and individual under the protection of this Honorable Court and the rulings of the Honorable Judge Margaret Murphy, which resides in this Jurisdiction.

2

Defendant, John Macklin and the Macklin Family Trust is an entity residing in the State of Georgia in Fulton County, 57 Crumbley Ave, Atlanta Georgia 30302.

## JURISDICTION

3

Jurisdiction and venue are proper in this court under the facts and circumstances set forth herein which include defendant's residence with in the Northern District of Georgia.

OCT 16 2009 PM03:24

REGINA THOMAS, CLERK

FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA

4

## Promissory Estoppels

Plaintiff claims an enforceable promise existed between the parties because plaintiff justifiably relied on a promise made by the defendant. The plaintiff has the burden of proving:

[1] John Macklin promised Glenn Favre that He would pay Glenn Favre for the repairs to Defendants home.

[2] Glenn Favre states that Defendant has not paid for the repairs to Defendant's home promised to Plaintiff.

[3] John Macklin expected or reasonably should have expected that the promise would cause Glenn Favre to become financially burdened when Plaintiff was not reimbursed for and in turn financing the repairs of Defendants home, where as causing the Plaintiff to file protection under 11 USC Chapter 7.

[4] Glenn Favre was damaged because He relied on John Macklin's promise. To date John Macklin refuses to pay the monies of the final invoice which represents the Plaintiff's expenses, labor and materials used in the repairs of Defendants home.

[6] As a result, the Plaintiff has had to retain counsel, file for protection under 11 USC Chapter 7, and this HONORABLE COURTS PROTECTION OF THE AUTOMATIC STAY 362 (b), forced to close his business, been foreclosed upon his primary residence, lost his personnel transportation, investments and all savings in an attempt to have the Defendant pay for what he promised.

[7] The Plaintiff's health has deteriorated because of the undue stress and the onset of Post Financial Traumatic Stress Disorder (PSFTD) and is unable to sustain gainful employment because of PSFTD.

5

**WHEREFORE,** Claimant requests and prays that this Honorable Court and that of the Honorable Margaret Murphy:

(a) grant Plaintiff a judgment against the Defendant for the amount fully allowed that this court deems just and necessary.

(b) grant Plaintiff a reversal of the voluntary petition of Claimants Chapter 7 filed December 9, 2008.

(c) grant all other relief deems just and necessary

(d) request that Defendant's litigious actions be forwarded to the Proper State and Federal authorities for Criminal Prosecution as the Honorable Judge Margaret Murphy deems proper.

Respectfully submitted this 16th day of October, 2009

Glenn R Favre Claimant

110 South Columbia Drive #11
Decatur, Georgia 30030
4043731137



GLENN R FAVRE
110 SOUTH COLUMBIA DRIVE #11
DECATUR GEORGIA 30030

LEFKOFF, DUNCAN, GRIMES, MILLER AND MCSWAIN PC ATTORNY AT LAW
JOHN R GRIMES
3495 PIEDMONT ROAD N.E.
ATLANTA, GEORGIA 30305
099071

U.S. POSTAGE PAID
DECATUR, GA 30030
OCT 20, '09
AMOUNT $2.82
00035385-04

7009 1680 0000 1843 2265

CERTIFIED MAIL

US POSTAGE FIRST-CLASS
062S0006737037
$0.420
30030

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served opposing counsel in this matter with a copy of the above and foregoing DEFENDANTS' COLLECTIVE RESPONSE IN OPPOSITION TO PLAINTIFF'S GLENN R. FAVRE REQUEST FOR SUMMARY JUDGMENT AGAINST THE DEFENDANT JOHN MACKLIN AND THE MACKLIN FAMILY TRUST by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Glenn R. Favre, Claimant
110 South Columbia Drive #11
Decatur, Georgia 30030

This 8th day of December, 2009.

LEFKOFF, DUNCAN, GRIMES,
MILLER, & McSWAIN P.C.

_____/s/_____
JOHN R. GRIMES
Georgia Bar No. 312200
Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia 30305
(404) 262-2000