UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | ) | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GLENN ROYCE FAVRE, | ) | BK Case No. 08-85264-mhm |
| | ) | |
| Debtor | ) | Discharged; Case Closed |
| | ) | |

| | ) | |
|---|---|---|
| GLENN ROYCE FAVRE, | ) | Honorable Margaret Murphy |
| | ) | |
| Claimant, | ) | |
| | ) | AP Case No. 09-9071 |
| vs. | ) | |
| | ) | |
| JOHN MACKLIN and | ) | |
| THE MACKLIN FAMILY TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

COME NOW, Defendants John Macklin and The Macklin Family Trust (collectively the "Defendants"), by and through their undersigned counsel, by special limited appearance and preserving all defenses, respectfully move this court for an order denying Plaintiff's Motion for Default Judgment filed on December 14, 2009, on the grounds that: (1) Defendants were never served with Summons in the underlying adversary proceeding action, (2) Plaintiff Glenn Favre (sometimes referred to as "Claimant") failed to file an affidavit of service, and (3) the underlying adversary proceeding action was filed after Plaintiff's bankruptcy action was closed leaving the Court without jurisdiction in this adversary proceding. In support to this their Motion, Defendants respectfully show the Court as follows:

## Factual Summary

1.

On December 9, 2008, Claimant voluntarily filed Chapter 7 in Civil Action File No. 08-85264-mhm (the "Bankruptcy Court Action"), listing in re: <u>Glenn Favre v. The Macklin Family Trust</u>, Fulton County Magistrate Court, Civil Action File No. 08-MS-084709 (the "Magistrate Court Action") as a lawsuit to which Claimant is or was a party. *See* **paragraph 4 of "Plaintiff's Statement of Financial Affairs", attached to Plaintiff's "Voluntary Petition (Chapter 7)", filed December 9, 2008.**

2.

On March 23, 2009, the Trustee in the Bankruptcy Court Action filed his "Report of No Distribution", abandoning (amongst other claims) the Magistrate Court Action.

3.

Claimant was discharged and the Bankruptcy Court Action was closed pursuant to that certain Order dated April 7, 2009. *See* **document number 30 of the Bankruptcy Petition in the Atlanta Divisions Northern District of Georgia in Case No. 08-85264-mhm (the "Bankruptcy Action").**

4.

Notwithstanding, on October 16, 2009, Claimant filed the above styled adversary proceeding action (the "AP Action") against John Macklin and The Macklin Family Trust.

5.

Service of the above styled AP Action was attempted by mailing a copy of the Complaint and Summons to John R. Grimes, Esq., an attorney who represented Defendants in pre-bankruptcy actions pending in the state courts of Fulton County asserting the same claims as those in the AP Action. *See* **Original Summons attached as Exhibit "E" to Defendants' Motion to Dismiss filed November 25, 2009.**

## Argument and Citation of Authority

**I. DEFAULT JUDGMENT SHOULD BE DENIED AS NO ANSWER WAS EVEN DUE GIVEN LACK OF SERVICE UPON DEFENDANTS**

Federal Rule of Civil Procedure Rule 4 and Federal Rule of Bankruptcy Procedure 4 establish the requirements for service of a summons and a copy of the complaint upon a defendant. FED. R. CIV. P. 4(e) and FED. R. BANKR. P. 4(e). The serving party (Claimant Favre) bears the burden of proof with regard to his validity or good cause for failure to effect timely service. Aetna Business Credit v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981)[1]; Profit v. Americold Logistics, LLC, 248 F.R.D. 293, 296 (N.D. Ga. 2008); *see also* Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Service was attempted by mailing a copy of the Complaint to John R. Grimes, Esq., an attorney who represented Defendants in the Magistrate Court Action. *See* **Exhibit "E" attached to Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment**. Claimant failed to mail a copy of the Complaint to either John Macklin or The Macklin Family Trust. Therefore, Claimant has failed to meet the burden incumbent upon him to properly serve the Defendants in the instant adversary action within the required ten (10) days from the date of the Summons. *See* Rule 7704(e) Case Comment "Rule 7004(e) – Time Limitation for Summons. Claimant must have a new summons issued and properly serve Defendants.

A default judgment cannot be entered against a defendant who has not been served. There is simply no duty to file an answer unless or until service is perfected.

However, though not required to do so, Defendants did voluntarily make an appearance in this adversary proceeding *via* the filing of their "Special Appearance of Defendants with Special Plea to Jurisdiction and Answer and Responsive Pleading" (the "Defendants' Pleading") which was electronically filed on November 17, 2009, but since the Defendants were not under any deadline by which to file any pleadings, the Defendants' Pleading was not late or untimely nor did its filing on November 17, 2009 create a default because the Defendants' had no duty to file any pleadings at all much less a pleading or answer by any certain time deadline.

---

[1] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

## II.　IN THE ALTERNATIVE, MOTION FOR DEFAULT SHOULD BE DENIED BECAUSE CLAIMANT FAILED TO FILE AN AFFIDAVIT ASSERTING SUFFICIENT SERVICE

FED. R. BANKR. P. 7055 states that FED. R. CIV. P. 55 applies in adversary proceedings. FED. R. CIV. P. 55 states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Claimant failed to file an affidavit showing that he perfected service on the Defendants (because he cannot do so having failed to properly serve the Defendants). Without this affidavit, the Court cannot enter a default. *See* FED. R. BANKR. P. 7055. Therefore, Claimant's motion for default should be denied.

## III.　THE AP ACTION WAS FILED AFTER UNDERLYING BANKRUPTCY CASE WAS CLOSED (THE TRUSTEE HAVING ABANDONED ALL CLAIMS) AND THE COURT, NOT HAVING RETAINED JURISDICTION AND THE AP ACTION NOT PENDING AT THE TIME OF THE CLOSING, LACKS JURISDICTION TO ENTER A DEFAULT JUDGMENT

On April 7, 2009, an Order was entered discharging Claimant and ***closing*** his underlying Bankruptcy Action. ***See* document number 30 of the Bankruptcy Action.** Because the AP Action was not pending at the time the Bankruptcy Action was ***closed*** it was improper for Claimant to file the AP Action and this Court does not have jurisdiction over the matter now. Furthermore, this Court did not retain jurisdiction over future adversary proceedings, nor has Claimant moved to re-open the Bankruptcy Action.

Pursuant to 11 U.S.C. §554(a), a trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Furthermore, 11 U.S.C. §554(c), provides that "any property… not otherwise administered at the time of the closing of a case is abandoned to the debtor."

On March 23, 2009, the Trustee affirmatively abandoned the Magistrate Court Action to Claimant, finding that the Action was of inconsequential value and benefit to the Claimant's bankruptcy estate. The Bankruptcy Court thereafter entered an Order closing the underlying Bankruptcy Action and the claim (if any) has been abandoned to the Claimant for him to prosecute at the state court level.

A bankruptcy court does not have jurisdiction over an adversary proceeding filed *after* the underlying bankruptcy case is closed. "It appears obvious that the adversary proceeding could not be brought in the bankruptcy court if there were no bankruptcy case in which it might be instituted." The Home Insurance Co. v. Thomas Duckett Construction Co., Inc., 49 B.R. 158 (Bankr. N.D. Al. 1985). On the other hand, a bankruptcy court *may have* jurisdiction over an adversary proceeding that is ***pending*** at the time the underlying bankruptcy is dismissed. *See* Morris v. Fidelity & Deposit Company of Maryland, 950 F.2d 1531 (11th Cir. 1992).

Accordingly, the Court lacks jurisdiction to entertain and/or to enter a default judgment or any type of judgment in this adversary proceeding other than an order dismissing same.

### IV.   CONCLUSION

For all the foregoing reasons, John Macklin and The Macklin Family Trust respectfully request that this Court deny Claimant's motion for default.

This __23__ day of December, 2009.

LEFKOFF, DUNCAN, GRIMES,<br>
MILLER, & McSWAIN P.C.<br>
<br>
_____<br>
JOHN R. GRIMES<br>
Georgia Bar No. 312200<br>
Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia 30305
(404) 262-2000

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served opposing counsel in this matter with a copy of the above and foregoing DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows:

Glenn R. Favre, Claimant
110 South Columbia Drive #11
Decatur, Georgia 30030

This **22** day of December, 2009.

                                      LEFKOFF, DUNCAN, GRIMES,
                                      MILLER, & McSWAIN P.C.

                                      JOHN R. GRIMES
                                      Georgia Bar No. 312200
                                      Attorney for Defendants

3495 Piedmont Road
Eleven Piedmont Center, Suite 806
Atlanta, Georgia 30305
(404) 262-2000